UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

Hashim Asand Muhammed Shabazz
V
Houston County Jail

1:07-CV-756-WKW-TFM
(WO)

Objection to Recommendation

Due to the lack of Law Library materials at the Houston County Jail I could only doctrinate this 42 U.S.C. section 1983 as a 14th Amendment procedural violation against the Jail, and Correspondence running the facility, not a particular Warden or Committee as for they do not exist. There is a Chief of Sheriffs who should not solemnly assume the direct tortious liability of injunctive relief and damages.

Negligence and sloth within a penal disciplinary environment is far from frivolous and malicious as persistently stated under 28 U.S.C. section 1915 (e)(2)(b)(i) which would make the claim contestable.

Discussion

Procedural law violation are in itself manifest injustice because they are either written against the U.S.C. code or done against the code. Here are a few cases fought against entities spawning from prison treatment and criminal proceedings. Brook V. North Carolina Dept of Corrections 984 F.Supp 940 / Greer V St. Tammy Parish Jail 693 F.Supp. 502 / Hudson V Chicago Police Dept 860 F.Supp. 521 / Turner V State of Tennessee 858 F2d 1201 / McGann V State of N.Y. 870 F2d 908 / Shute V State of Texas 117 F3d 233 / Sutton V. State of Md. 681 F.Supp 2411 / Jenkins V Montgomery County Jail 641 F.Supp 148

Jenkins V Montgomery County Jail @ 41 F.Supp. 148 / Blanck V Waukesha County 48 F.Supp 2d 859 / Stacey V Warden, Apalachee Correctional Inst. 854 F2d 401, and the cases moved after the complaint was filed

### Conclusion

Plaintiff seeks relief from ~~~~ Recommendations discussion through fulfillment of Order given by the Honorable Magistrate of the District Court,

Tuesday Sept 4, 2007

*[signature]*
Hrohim Shabazz Pro Se